FILED

**NOT FOR PUBLICATION**

AUG 16 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ARLEN LEE LOPEZ,

No. 10-35257

Plaintiff - Appellant,

D.C. No. 2:08-cv-00992-RSL

v.

SKAGIT COUNTY JAIL; et al.,

MEMORANDUM[*]

Defendants - Appellees.

Appeal from the United States District Court
for the Western District of Washington
Robert S. Lasnik, Chief Judge, Presiding

Submitted August 11, 2011[**]

Before: THOMAS, SILVERMAN, and CLIFTON, Circuit Judges.

Arlen Lee Lopez, a Washington state prisoner, appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging various

constitutional violations in connection with his placement in administrative

segregation while a pretrial detainee. We have jurisdiction under 28 U.S.C.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 1291.  We review de novo, *Gibson v. County of Washoe, Nev.*, 290 F.3d 1175, 1180 (9th Cir. 2002), and we affirm.

The district court properly granted summary judgment on Lopez's claim that his placement in administrative segregation violated his constitutional rights because defendants expressed legitimate security needs and Lopez has not adduced any evidence indicating an intent to punish him.  *See Bell v. Wolfish*, 441 U.S. 520, 538-39 (1979) ("Absent a showing of an expressed intent to punish on the part of detention facility officials . . . if a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to 'punishment.'" (internal citations omitted)).

The district court properly dismissed Lopez's claim alleging denial of access to the courts because a judgment in Lopez's favor would necessarily imply the invalidity of his conviction.  *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

Lopez's remaining contentions are unpersuasive.

Lopez's motion to expedite is denied as moot.

**AFFIRMED.**